UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KIRTIKUMAR and SUSEELA MENON,  No. 10-12038

                               Debtor(s).
_____/

NAVJOT, LLC, and PAL SROA,

                               Plaintiff(s),

     v.  A.P. No. 10-1114

KIRTIKUMAR MENON,

                               Defendant(s).
_____/

## Memorandum After Trial

Debtor and defendant Kirtikumar Menon pleaded guilty in state court to eight criminal counts of embezzlement and elder abuse for cheating Elbert Branscomb out of $1.3 million. Menon was a mortgage broker, and Branscomb had trusted him to make loans of his money for investment purposes.

In furtherance of his embezzlement, Menon had cobbled together a false note for $500,000.00 allegedly made by plaintiffs Navjot, LLC, and Pal Sroa, which Menon represented to Branscomb as a loan he had made with Branscomb's money. The loan was in fact for only $100,000.00. It was secured by a deed of trust to plaintiffs' real property at 355 Canal Street, San Rafael, California.

When Branscomb discovered what Menon had done, he commenced an action in state court against plaintiffs and others seeking to establish that plaintiffs owed him $500,000.00 and that his deed

1

of trust was superior to the recorded first deed of trust on the property. Plaintiffs spent about $15,000.00 defending this action, and then decided to abandon any interest in the property due to the litigation costs, which they could not afford. They have since filed their own bankruptcy petitions. Menon filed his Chapter 7 petition on May 27, 2010. By this adversary proceeding, plaintiffs seek a judgment that their damages due to the loss of the Canal Street property are nondischargeable.

The evidence established that Menon had forged a note from plaintiffs in order to account to Branscomb for money Menon had actually embezzled. The action was willful and malicious, both because it was part and parcel of an embezzlement scheme and because it would certainly embroil plaintiffs in litigation when discovered. Accordingly, the claims of plaintiffs are nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

Plaintiffs have not established that their equity in the Canal Street property was worth the amount (variously $400,000.00 or $700,000.00) that they claim. They produced no expert testimony on the subject. If there really was that much equity, they ought to have attracted some attorney to handle the matter at least partially on a contingent fee basis. The fact that plaintiffs walked away from the property indicates that the equity was much lower than they claim.

After considering all the evidence, the court concludes that plaintiffs have suffered damages in the amount of $200,000.00 for the loss of the property and $15,000.00 in attorneys' fees spent litigating in state court. The court will add $50,000.00 in punitive damages. A nondischargeable judgment shall accordingly be entered in the sum of $265,000.00, plus costs.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiffs shall submit an appropriate form of judgment forthwith.

Dated: June 4, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge